UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRELL L. MARSHALL,

    Petitioner,                                         Case Number 10-14936-BC
                                                                   Hon. Thomas L. Ludington
v.

PEOPLE OF THE STATE OF MICHIGAN,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Darrell L. Marshall, presently living at 15420 Pierson Street in Detroit, Michigan, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner appears to challenge a conviction in Case No. 03-3908 out of the Wayne County Circuit Court. Although Petitioner does not specify the nature of the conviction, he has attached a copy of an order from the Michigan Court of Appeals Docket # 248617 to his petition. A review of the record from the Michigan Court of Appeals' website indicates that Petitioner was convicted of attempted criminal sexual conduct in the fourth-degree, Mich. Comp Laws §§ 750.92; 750.520e.[1] A review of the Michigan Public Sex Offender Registry likewise shows that Petitioner was convicted of this offense on May 2, 2003 in the Wayne County Circuit Court. The Court will summarily dismiss the petition for writ of habeas corpus because the Court lacks jurisdiction over the petition, due to the fact that Petitioner is no longer in custody for his conviction.

---

[1] This Court obtained this information from the Michigan Court of Appeals' Internet website. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith,* 292 F. Supp. 2d 153, 155 n. 2 (D. Me. 2003).

I.

As an initial matter, the Court notes that attempted criminal sexual conduct in the fourth-degree is a misdemeanor which carries up to one year in jail.[2] Even if Petitioner received the maximum penalty of one year in the county jail for this offense in 2003, his sentence would have long since expired. This Court has also reviewed the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Daly v. Burt,* 613 F. Supp.2d 916, 920, n. 2 (E.D. Mich. 2009), and there is no indication of Petitioner ever having been incarcerated or on probation or parole with the Michigan Department of Corrections for any offense. Finally, the Court notes that Petitioner has given a home address as his current locale. Although neither party raised the issue of whether the Court has jurisdiction over Petitioner's case due to the expiration of his sentence on the conviction being challenged, it is appropriate for this Court to consider the issue sua sponte, because subject matter jurisdiction is central to the Court's authority to render decisions under Article III of the Constitution. *Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in federal court. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully

---

[2] Criminal sexual conduct in the fourth-degree is a misdemeanor which carries up to two years in prison. Mich. Comp Laws § 750.520e(2). Under Michigan's attempt statute, if the crime that is attempted to be committed is punishable by imprisonment for a term less than five years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment for not more than two years or in any county jail not more than one year; "but in no case shall the imprisonment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so attempted had been committed." Mich. Comp Laws § 750.92(3).

expired. *Id.* at 492-93; *See also Clemons v. Mendez*, 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. *See Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002). Petitioner is no longer serving a sentence for the offense of attempted criminal sexual conduct in the fourth-degree. Because Petitioner's sentence has expired on this conviction, he is no longer in custody on this conviction, thus, this Court lacks subject matter jurisdiction over his habeas petition with respect to this conviction. *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

Petitioner asks this Court to grant him relief from his conviction so that he can obtain a Michigan Residential Builder's Contractor's License. [3] Once a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a habeas petitioner "in custody." *Clemons v. Mendez*, 121 F. Supp. 2d at 1102-03. The possible consequence of Petitioner being unable to obtain a business contractor's license is merely a collateral consequence of his conviction. *See Leslie v. Randle*, 296 F. 3d 518, 522 (6th Cir. 2002) (collateral consequences of a conviction, such as the inability to vote, engage in certain businesses, hold public office, or serve on a jury insufficient to satisfy the "in custody" requirement). Likewise, the registration requirements of Michigan's sex offender statute are "more properly characterized

---

[3] Within his habeas application, Petitioner also asks this Court to "remove all State and Federal charges" against him out of Alabama and Michigan, although he does not indicate what additional federal or state criminal offenses that he was convicted of or in which jurisdiction that he was convicted. To the extent that Petitioner wishes to challenge any federal convictions, Section 2254 would be the inappropriate vehicle to do so. Section 2254 applies only to inmates who challenge their state court convictions. *See Lang v. United States*, 474 F. 3d 348, 351 n.3 (6th Cir. 2007). Regarding any convictions out of the State of Alabama, Petitioner could not challenge them in the same petition that he challenges his Michigan conviction. Pursuant to Rule 2(d) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, a habeas petitioner cannot challenge convictions out of two different states in the same habeas corpus proceeding. *See Bianchi v. Blodgett*, 925 F.2d 305, 308-09 (9th Cir. 1991)(judgments of California and Washington state courts could not be challenged in same habeas proceeding even though pleas in both states entered pursuant to single plea agreement executed by petitioner and authorities from both states).

as a collateral consequence of conviction rather than as a restraint on liberty." *Id.* (quoting *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir.1998)). Because Petitioner is no longer in custody for the offense of attempted criminal sexual conduct in the fourth-degree, he cannot maintain a habeas challenge against this conviction.

III.

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The court will deny Petitioner a certificate of appealability, because reasonable jurists would

not find it debatable whether this Court was correct in determining that Petitioner failed to meet the "in custody' requirement for maintaining a habeas action with respect to this conviction. *See e.g. Finkelstein v. Spitzer*, 155 F. 3d 131, 133 (2d. Cir. 2006). The Court will also deny Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

IV.

Accordingly, it is **ORDERED** that petition for a writ of habeas corpus [Dkt. # 1] is **DISMISSED** with prejudice.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 8, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Darrell Marshall at 15420 Pierson Street, Detroit, MI 48223 by first class U.S. mail on March 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS