UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRELL L. MARSHALL,

                Petitioner,

v.                                          Case Number 10-14936-BC
                                              Honorable Thomas L. Ludington

PEOPLE OF THE STATE OF MICHIGAN,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND
DENYING PETITIONER'S MOTION FOR A CHANGE OF VENUE AS MOOT**

On December 13, 2010, Petitioner Darrell L. Marshall filed a document titled "Title 28 U.S.C. § 2254 Motion for Relief from Judg[]ment," requesting that the Court "[c]onduct evidentiary hearings and remove all State and Federal charges against movant in Alabama and Michigan so that movant may obtain a Michigan Residential Builder's Contractor's License which was movant's original intent twenty six years ago." After reviewing the motion, the Court entered an order denying Petitioner's application for relief from judgment on March 8, 2011. The Court concluded that Petitioner is not "in custody pursuant to the judgment of a State court," and, as a result, the Court is without jurisdiction to grant relief under 28 U.S.C. § 2254. *See Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002). The Court also denied a certificate of appealability and leave to proceed in forma pauperis on appeal.

On March 14, 2011, Petitioner filed a motion for reconsideration [Dkt. # 5]. A motion for reconsideration will be granted only if the moving party can "demonstrate a palpable defect by which the court and the parties . . . [were] misled [and] that correcting the defect will result in a

different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). Petitioner's motion emphasizes that there are a variety of collateral consequences stemming from his 2003 conviction for attempted fourth degree criminal sexual conduct. Mich. Comp. Laws §§ 750.92, .520e. He contends he has been denied education and employment; his constitutional rights were violated; his ability to travel interstate is restricted; and that fourth degree criminal sexual conduct is a more serious offense in other states. He does not, however, identify a palpable defect by which the Court was misled.

Petitioner's motion for reconsideration confirms that serious collateral consequences result from criminal convictions. Lingering collateral consequences, however, do not satisfy § 2254's jurisdictional requirement that the petitioner be "in custody" to be eligible for relief. As the Court emphasized in its earlier order, "[o]nce a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of the conviction are insufficient to render a habeas petitioner 'in custody.' " *See Clemons v. Mendez*, 121 F. Supp. 2d 1101, 1102–03 (E.D. Mich. 2000). As a result, the Court lacks jurisdiction under § 2254 to review the conviction and the motion for reconsideration must be denied.

On March 28, 2011, Petitioner also filed a motion for a change of venue, contending that this case should have been assigned to a judge in the Southern Division of the Eastern District of Michigan because all of the events at issue occurred in Wayne County. Because the Court has already entered a judgment against Petitioner, the request for a change of venue need not be considered and will be denied as moot.

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration [Dkt. # 5] is **DENIED**.

It is further **ORDERED** that Petitioner's motion for a change of venue [Dkt. # 6] is **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 7, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Darrell Marshall, at 15420 Pierson Street, Detroit, MI 48223 by first class U.S. mail on April 7, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS